# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KiOR, INC.,[1] | ) | Case No. 14-12514 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| KiOR, INC., | ) | Adv. Proc. No. 15-50238 (CSS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF MISSISSIPPI, MISSISSIPPI | ) | |
| DEVELOPMENT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STIPULATION REGARDING DISCHARGEABILITY OF CLAIMS AND STAY OF ADVERSARY PROCEEDING**

WHEREAS, on March 16, 2015, KiOR, Inc. (the "Debtor") commenced the above-captioned adversary proceeding (the "Adversary Proceeding") by filing its *Complaint for Determination of the Dischargeability of Alleged Debt of the State of Mississippi, Mississippi Development Authority (11 U.S.C. §§ 523(a)(2), 1141(d)(1)(A) and 1141(d)(6)(A), Bankruptcy*

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is KiOR, Inc. (2233). The above-captioned Debtor's mailing address is 13011 Bay Park Road, Pasadena, Texas 77507.

*Rule 4007)* (the "Complaint") [Adv. Docket No. 1] against the State of Mississippi, Mississippi Development Authority (the "MDA");[2]

WHEREAS, the Complaint seeks a determination and declaration that claims of the MDA against the Debtor are fully dischargeable under 11 U.S.C. § 1141(d)(1)(A), and are not excepted from discharge pursuant to 11 U.S.C. § 1141(d)(6);

WHEREAS, subject to certain conditions, the MDA is willing to stipulate that it will not seek to have the Debtor's obligations to the MDA, State of Mississippi, relating to or arising from the subject matter of proof of claim No. 70 in the Debtor's bankruptcy case (including any subsequently asserted amendment, modification, or supplement thereof, the "MDA Claim") treated as non-dischargeable pursuant to 11 U.S.C. § 1141(d)(6);

WHEREAS, the Debtor has filed its Second Amended Chapter 11 Plan of Reorganization; and

WHEREAS, the Second Amended Chapter 11 Plan of Reorganization, together with any subsequent modifications, amendments or supplements thereto which do not have a materially adverse effect on the treatment of the MDA Claim or the rights of unsecured creditors of the Debtor in the Debtor's bankruptcy case, is referred to hereinafter as the "Plan";

ACCORDINGLY, the Debtor and the MDA stipulate and agree, subject to the approval of the Bankruptcy Court, as follows:

---

[2] The Debtor styled its Complaint as against the "State of Mississippi, Mississippi Development Authority." However, neither this designation of the defendant nor anything else in the Complaint or herein waives, impairs, or precludes any claim or argument by the Debtor or any other party in interest that the Mississippi Development Authority is not an arm or alter ego of the State of Mississippi. For the avoidance of doubt, all references herein to the "MDA" refer to solely to the Mississippi Development Authority, State of Mississippi. The MDA represents that it is authorized to enter into this Stipulation and to make the agreements set forth herein as to the MDA Claim (defined below).

1.  The MDA and the State of Mississippi will not contend in the Debtor's above-captioned bankruptcy case (the "Bankruptcy Case"), or in any other forum, that any claim which has been or could be asserted by the MDA in the MDA Claim is excepted from discharge by the Plan as to the Reorganized Debtor (as defined in the Plan), by operation of 11 U.S.C. § 1141(d)(6). The MDA agrees that the obligations in this paragraph shall bind any successor-in-interest to the MDA Claim. For the avoidance of doubt, if the Bankruptcy Court does not enter an order confirming the Plan or the Plan, if confirmed by an order of the Bankruptcy Court, cannot be substantially consummated, the agreement of the MDA in this paragraph shall thereafter be void and of no further force or effect.

2.  This stipulation does not constitute an adjudication on the merits of any issue. Further, except as to the Plan and the Reorganized Debtor and to the extent specifically set forth above, this stipulation shall have no effect on and is entirely without preclusive effect or prejudice as to: a) the MDA Claim in the Bankruptcy Case; and b) any and all direct claims or causes of action of the MDA or the State of Mississippi (and any and all defenses thereto) against any person or entity, including, without limitation, claims asserted or which may be asserted in the lawsuit pending in state court. This stipulation does not constitute an agreement concerning or waiver of objections to any proposed Chapter 11 plan (except to the extent that any such objection is based upon the asserted non-dischargeability of the MDA Claim), and all rights of the MDA with respect thereto, as well as with respect to any and all other issues or proceedings in or relating to the Debtor's Bankruptcy Case, are reserved and preserved.

3.  In light of the foregoing and subject to this Court's approval, the Adversary Proceeding is stayed in its entirety. Upon confirmation of the Plan, the parties will file a stipulation dismissing the Adversary Proceeding, with each party to bear its own fees and costs. If the Bankruptcy Court does not enter an order confirming the Plan or the Plan, if confirmed by an order of the Bankruptcy Court, cannot be substantially consummated, the parties will jointly request that the Bankruptcy Court lift the stay of the Adversary Proceeding.

*[Remainder of page intentionally left blank.]*

AGREED:

Dated April 29, 2015

/s/ *John H. Knight*
John H. Knight (No. 3848)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
**RICHARDS, LAYTON & FINGER, P.A.**
920 N. King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Email: knight@rlf.com
  merchant@rlf.com
  steele@rlf.com

-and-

/s/ *Peter J. Kolovos*
Michael G. Bongiorno ( MA Bar No. 558748)
Peter J. Kolovos (MA Bar No. 632984)
George W. Shuster Jr. (MA Bar No. 647306)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Email: michael.bongiorno@wilmerhale.com
george.shuster@wilmerhale.com
peter.kolovos@wilmerhale.com

*Attorneys for the Debtor*

**GREENBERG TRAURIG, LLP**

/s/ *Dennis A. Meloro*
Dennis A. Meloro (Bar No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: MeloroD@gtlaw.com

- and -

David B. Kurzweil (Admitted *Pro Hac Vice*)
R. Kyle Woods (Admitted *Pro Hac Vice*)
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2680
Email: KurzweilD@gtlaw.com
Email: WoodsK@gtlaw.com

- and -

Shari L. Heyen (Admitted *Pro Hac Vice*)
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3564
Email: HeyenS@gtlaw.com

- and -

**MCCRANEY MONTAGNET QUIN & NOBLE, PLLC**
Douglas C. Noble (Admitted *Pro Hac Vice*)
William M. Quin II (*Pro Hac Vice Pending*)
602 Steed Road, Suite 200
Ridgeland, MS 39157
Telephone: (601) 707-5725
Dnoble@mmqnlaw.com
Wquin@mmqnlaw.com

*Attorneys for the State of Mississippi, Mississippi Development Authority*

4